Per Curiam.

The primary issue raised by appellant relates to the failure of the trial court to obtain a written waiver of jury in conformity with Section 2945.05, Bevised Code, prior to accepting his guilty plea. It is appellant’s contention that the provisions of this section are mandatory, and that the failure to obtain such waiver deprived the court of its jurisdiction so that he is entitled to be released by habeas corpus. It is well established that the entry of a plea of guilty by an accused constitutes a waiver of a jury trial. 50 Corpus Juris Secundum, 820, Juries, Section 108, Rodriguez v. Sacks, Warden, 173 Ohio St., 456; Vertz v. Sacks, Warden, 173 Ohio St., 459; and Norton v. Green, Supt., 173 Ohio St., 531.
Petitioner urges further that even on a plea of guilty the court had the duty to examine the evidence to determine whether there was sufficient evidence to accept such plea. Apparently appellant believes there should be a full trial on a plea of guilty. No such duty is imposed on the trial court.
A plea of guilty obviates the necessity of a trial and the presentation of evidence to establish the guilt of the accused. No duty was imposed on the trial court to require or to examine *569 evidence to determine whether the evidence justified appellant’s plea of guilty.
There being no error in the judgment of the Court of Appeals, the judgment is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.